# Presidential Authority to Order the Removal of the Original Engrossed Constitution From the Library of Congress

The custody of the original engrossed Constitution of the United States is now vested by statute in the Library of Congress, and no statute authorizes the President to interfere with that custody or to prescribe rules governing it. Therefore, an executive order authorizing the removal of the Constitution from the Library of Congress could neither compel such removal nor make it legal.

March 2, 1939

MEMORANDUM OPINION FOR THE ATTORNEY GENERAL

The Congress undoubtedly has authority to provide by statute for the custody of the Constitution (U.S. Const. art. IV, § 3, cl. 2), and apparently it has done so.

The Continental Congress on March 22, 1777, created the office of Secretary of Congress and committed to the incumbent the custody of all journals, papers, and documents of the Congress. 7 *Journals of the Continental Congress* 193–94.

The original engrossed Constitution of the United States was received by the Continental Congress and passed into the custody of its Secretary on September 28, 1787. 33 *id.* at 549.

After the Constitution was ratified, the Congress by Act of July 27, 1789 (ch. 4, § 1, 1 Stat. 28) created the Department of Foreign Affairs, with a secretary for the Department. The Act of September 15, 1789 changed the name of this Department to the Department of State and added to its duties, providing in part:

> [T]he said Secretary shall forthwith after his appointment be entitled to have the custody and charge of the said seal of the United States, and also of all books, records and papers, remaining in the office of the late Secretary of the United States in Congress assembled . . . .

*Id.* ch. 14, § 7, 1 Stat. 68, 69.

Section 203 of the Revised Statutes (2d ed. 1878) provides:

> The Secretary of State shall have the custody and charge of the seal of the United States, and of the seal of the Department of State, and of all the books, records, papers, furniture, fixtures, and other property now remaining in and appertaining to the Department, or hereafter acquired for it.

18 Stat. pt. 1, at 32 (repl. vol.).

Under the above statute the Constitution for many years remained in the custody of the Secretary of State. Charles Warren, in his work *The Making of the Constitution*, says:

The original document remained in the possession of the Secretary of Congress, Charles Thomson, until the new Government was established. On July 24, 1789, President Washington directed Thomson to deliver the "books, records and papers of the late Congress" to Roger Alden, late Deputy Secretary of Congress, to take charge of them in New York. The First Congress, by Act of September 15, 1789, directed that "all books, records, and papers remaining in the Office of the late Secretary of the United States in Congress assembled" be placed in the charge and custody of the new State Department. Alden, however, remained in custody of all these papers until after Thomas Jefferson assumed the duties of the office of Secretary of State, which he accepted on February 14, 1790. When the Government moved from New York to Philadelphia, in 1791, the Constitution was taken back to its place of origin; and it followed the Government and the Secretary of State to Washington, in 1800. In 1814, when the British occupied Washington, the Declaration of Independence and other papers in the State Department were taken out to Leesburg, Virginia, and it is probable that the Constitution was one of these papers. They were returned when President Madison reoccupied Washington.

*Id.* at 784–85 (1828) (footnotes omitted).

The Act of February 25, 1903, entitled "An Act making appropriations for the legislative, executive, and judicial expenses of the Government for the fiscal year ending June 30, 1904, and for other purposes," under the heading "Increase of Library of Congress," provides in part:

The head of any Executive department or bureau or any commission of the Government is hereby authorized from time to time to turn over to the Librarian of Congress, for the use of the Library of Congress, any books, maps, or other material in the library of the department, bureau, or commission no longer needed for its use, and in the judgment of the Librarian of Congress appropriate to the uses of the Library of Congress.

Pub. L. No. 57-115, 32 Stat. 854, 865.

On September 29, 1921, President Harding issued Executive Order 3554, which reads:

The original engrossed Declaration of Independence and the original engrossed Constitution of the United States, now in the Department of State, are, by authority provided by the Act of Congress entitled "An Act making appropriations for the legislative, executive and judicial expenses of the Government for the fiscal year ending

> June 30, 1904, and for other purposes," approved February 25, 1903, hereby ordered to be transferred from the Department of State to the custody of the Library of Congress, to be there preserved and exhibited under such rules and regulations as may from time to time be prescribed by the Librarian of Congress.
>
> This Order is issued at the request of the Secretary of State, who has no suitable place for the exhibition of these muniments and whose building is believed to be not as safe a depository as the Library of Congress, and for the additional reason that it is desired to satisfy the laudable wish of patriotic Americans to have an opportunity to see the original fundamental documents upon which rest their Independence and their Government.

It will be noted that the authority contained in the Act of February 25, 1903, to transfer documents to the Library of Congress, is vested in the heads of the departments and agencies and not in the President. Executive Order 3554, however, after citing that act, states that it is "issued at the request of the Secretary of State," and I am of the opinion that the transfer of the Constitution and the Declaration of Independence to the Library of Congress was, in fact, the act of the Secretary of State in the exercise of the authority conferred upon him by the statute, and that while Executive Order 3554 may have lent dignity, it added nothing to the legality of the transaction.

It thus appears that the custody of the Constitution is now vested by statute in the Library of Congress, and I find no statute which authorizes the President to interfere with that custody or to prescribe rules governing it. It is my opinion, therefore, than an executive order authorizing the removal of the Constitution from the Library of Congress could neither compel such removal nor make it legal.

GOLDEN W. BELL
*Assistant Solicitor General*
